**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LABORERS' PENSION FUND and<br>LABORERS' WELFARE FUND OF THE<br>HEALTH AND WELFARE DEPARTMENT<br>OF THE CONSTRUCTION AND GENERAL<br>LABORERS' DISTRICT COUNCIL OF<br>CHICAGO AND VICINITY, and JAMES S.<br>JORGENSEN, Administrator of the Funds,**<br><br>　　　　　**Plaintiffs,**<br><br>　　v.<br><br>**KEITH'S CONTRACTING, INC., et al.,**<br><br>　　　　　**Defendants.** | Case No. 07 C 7094<br><br>Judge Leinenweber |

**PLAINTIFFS' MOTION FOR DEFAULT
AND TO COMPEL AN AUDIT**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds"), and James S. Jorgensen, by their attorneys, state:

1.　On December 18, 2007, plaintiffs filed a complaint under Section 301(a), Labor Management Relations Act, 29 U.S.C. §185(a), as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(3), as amended, alleging that at all material times the defendant has an obligation, arising from a collective bargaining agreement to make contributions to plaintiffs' Funds and to submit to an audit upon demand.

2.　On January 15, 2008, plaintiffs served Keith Slouber by handing a copy of summons and complaint to an individual who identified himself as the brother-in-law of Keith Slouber at the residence of Keith Slouber which is located at 210 N.Charleton, Willow Springs, Illinois. A copy of the return of service is attached as Exhibit A. In addition the Company's summons was served to the Illinois Secretary of state on February 25, 2008. See attached Exhibit B.

3.　More than twenty days have passed since the service of the summons and the complaint, and the defendant has failed to plead or otherwise defend as required by the Federal

Rules of Civil Procedure. Copy of this motion will be sent to Keith Slouber at 210 N. Charleton, Willow Springs, IL 60480.

4. The Funds are entitled to perform a payroll audit as required by Article VIII, paragraph 4 of the collective bargaining agreement which provides:

> The Trustees of the aforementioned Welfare and Pension Funds and the Union shall have the authority to audit the books and records of a participating Employer, either directly or through their authorized representative, whenever such examination is deemed necessary for the purpose of compliance with the provisions of this agreement.
> Each participating Employer shall make its books and records available to the Trustees for such purpose. In the event the audit discloses that the Employer, during the period of the audit, has underpaid its contributions and/or wages, the Employer shall be liable for the costs of the examination, including but not limited to audit fees and reasonable attorneys' fees.

5. The Company has failed to supply the Funds with sufficient information concerning the amount of contributions owed. An audit is necessary to identify the employees performing covered work and determine the amount of contributions owed to the Funds for the period from January 1, 2007, through the present. The attached notice from the Funds' auditor specifies the documents necessary to perform the audit (Exhibit C).

6. According to the collective bargaining agreement, Article IX, paragraph 1 all employers are required to procure, carry and maintain a surety bond in an amount that is satisfactory to the Union. This bond must be in excess of $5,000.00 to guarantee the payment of wages, Pension and Welfare Trust Contributions during the term of the Agreement. Plaintiffs request that defendants within 60 days of the date of this judgment order provide written proof that it has obtained such a surety bond to plaintiffs' counsel, Karen I. Engelhardt, Allison, Slutsky & Kennedy, P.C., 230 W. Monroe Street, Suite 2600, Chicago, IL 60606.

**WHEREFORE,** plaintiffs request entry of an order of default against defendant Keith's contracting, Inc., doing business as Keith's Cartage and Excavating, Inc., and Keith Slouber, by and through its Company representative Keith Slouber compelling the defendant to submit to a complete payroll audit of the Company's books and records as described in Exhibit B. Plaintiffs request that the defendant submit to an audit with ten days of receipt of the order and to contact the plaintiffs' counsel to arrange production of their books and records for an audit. A draft order is attached.

Respectfully submitted,

                                                /s/Karen I. Engelhardt  
                                                One of Plaintiffs' attorneys

Wesley Kennedy  
Karen I. Engelhardt  
N. Elizabeth Reynolds  
ALLISON, SLUTSKY & KENNEDY, P.C.  
230 West Monroe Street Suite 2600  
Chicago, IL 60606  
(312) 364-9400  
March 25, 2008

Case 1:07-cv-07094    Document 8    Filed 03/25/2008    Page 4 of 4